UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

MORALES SANTILUS,

                                   Plaintiff,

    – against –

PHILLIP D. HEATH,

                                Defendant[s].

**MEMORANDUM & ORDER**

11-CV-5703 (ERK) (LB)

KORMAN, *J.*:

      After a trial by jury in Queens County Supreme Court, petitioner Morales Saintilus was convicted of 49 counts of rape, sodomy, incest, sexual abuse, course of sexual conduct against a child, and endangering the welfare of a child, and was acquitted on one count of rape in the first degree. Verdict Sheet, ECF No. 14 (Page ID #1113-25). The crimes were committed against the petitioner's three daughters over approximately six years. *Id.* Petitioner's eldest daughter, Marsha, testified that petitioner had sex with her every other day over that time period, Trial Tr. 134, ECF No. 6-3 (Page ID #476). The counts in the indictment related to her—the first 45 counts—were grouped into timeframes ranging from two to six months. Verdict Sheet, ECF No. 14 (Page ID #1113-25). Similarly, one of the three counts relating to Maureen, petitioner's middle daughter, covered a nine-month period although Maureen testified at trial that the petitioner abused her at least five times during that period. Trial Tr. 332, ECF No. 6-4 (Page ID #674). The other two counts related to Maureen were not duplicitous. One—count 48—only applied to a single incident, while the other—count 50—charged petitioner with endangering the welfare of a child, which is not a single-incident crime. The prosecutor provided the petitioner

with a bill of particulars as to the charges four months before the start of the trial. Pet'r's Br. to the App. Div. 6, ECF No. 6 (Page ID #30).

Upon his conviction, the petitioner was sentenced to prison terms of two and one-third to seven years for each of the first three second-degree rape convictions (counts two through four) relating to Marsha Saintilus, with the terms running consecutively. For the remaining counts relating to Marsha (counts five through forty five), petitioner was sentenced to a term of one to three years each, with the terms running concurrently with each other and with the other sentences. For the conviction for course of sexual conduct against a child in the second degree against Martine Saintilus (count forty six), he was sentenced to four years' incarceration to run consecutively with the first three counts and concurrent with the balance of the sentences. For the remaining four charges (counts forty seven through fifty), the court sentenced the petitioner to one year on each of the A misdemeanors and 90 days on the B misdemeanors to run concurrent with each other and with the other sentences. Sentencing Tr. 19-20, May 29, 2007, ECF No. 6-6 (Page ID #992-93). In total, the petitioner was sentenced to a prison term of between seven and twenty-five years. *Id.*; Resp't's Aff. And Mem. of Law in Opp'n to Pet. for a Writ of Habeas Corpus 15, ECF No. 7 (Page ID #1011).

On appeal, the petitioner argued that duplicitous counts in the indictment should have been dismissed or, in the alternative, that counsel's failure to move to dismiss the counts deprived him of effective assistance of counsel. Pet'r's Br. to the App. Div. 14, 22 (Page ID #38, 46). The Appellate Division affirmed the conviction, holding that his contentions as to duplicity were unpreserved for appellate review and that the defendant had received meaningful representation. *People v. Saintilus*, 74 A.D.3d 996 (N.Y. App. Div. 2d Dep't 2010).

After exhausting his state court remedies, Saintilus filed a petition for a writ of habeas corpus on November 14, 2011. Pet. for Writ of Habeas Corpus, ECF No. 1. He asserted two

grounds for relief: that the indictment against him contained multiple duplicitous counts and that his trial counsel was ineffective for failing to challenge the duplicity of the charges. *Id.*

## DISCUSSION

### I. Duplicitous Charges

Saintilus contends that the indictment against him contained duplicitous counts. The Appellate Division, however, held that this claim was unpreserved for appellate review. *People v. Saintilus*, 74 A.D.3d 996 (N.Y. App. Div. 2d Dep't 2010). The Appellate Division properly based its decision on a procedural forfeiture that would be sufficient to preclude consideration of the claim here. *Id.* Moreover, petitioner's claim that 46 counts of the indictment were impermissibly duplicitous would not warrant relief even in the absence of a procedural forfeiture.

The Supreme Court has never held that an indictment containing duplicitous counts violates the Due Process Clause. *See Jones v. Lee*, No. 10 CIV. 7915 (SAS), 2013 WL 3514436, at *7 (S.D.N.Y. July 12, 2013) (finding that "there is no constitutional right against duplicity per se."). The Second Circuit has further indicated that duplicitous pleadings are not even presumptively invalid in and of themselves. *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (citing *United States v. Sturdivant,* 244 F.3d 71, 75 n.3 (2d Cir. 2001)). Thus, the mere presence of duplicitous charges cannot provide a basis for habeas relief. That said, the strictures against duplicitous counts in an indictment, *see e.g.*, N.Y. C.P.L. § 200.30(1), are intended to avoid *potential* forms of prejudice that could rise to a constitutional violation. Specifically, these strictures are concerned with avoiding

> the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981); *see also Olmeda*, 461 F.3d at 281. Impermissible duplicity therefore occurs where multiple distinct crimes are combined into one count of an indictment and where that combination actually prejudices the defendant with regard to those concerns. *Sturdivant*, 244 F.3d at 75. As the Second Circuit has written, "[i]f the doctrine of duplicity is to be more than an exercise in mere formalism, it must be invoked only when an indictment affects the policy considerations" underlying the doctrine. *United States v. Murray*, 618 F.2d 892, 897 (1980). Here, even assuming the charges were duplicitous, petitioner cannot show prejudice sufficient to rise to the level of a violation of the Due Process Clause.

In the Appellate Division, the petitioner did not invoke all of the potential harms that could result from a duplicitous indictment. Instead, he argued that "[t]here is no way to know from the verdict convicting appellant of these counts whether each of the 12 jurors based their verdicts on the same acts, or for which acts double jeopardy would bar a future prosecution." Pet'r's Brief to App. Div. 20, ECF No. 6 (Page ID #44). This argument invokes the claim that the jury may not have been unanimous and the fact that the petitioner could have been subject to a second set of charges based on acts for which he may not have been found guilty. These two claims are without merit.

First, as a practical matter, there is no significant risk that the jury found petitioner guilty of one crime but not guilty of another. The allegations charged in each time period of the indictment related to a practice repeated over time. *See* Trial Tr. 134, ECF No. 6-3 (Page ID #476) (Marsha testified that petitioner "started to have sex with [her] about every other day of the week."); *see also* Trial Tr. 332, ECF No. 6-4 (Page ID #674) (Maureen testified that petitioner had touched her sexually at least five times over the course of a school year, but not offering any differentiation between those incidents). Under these circumstances, the jury would have had to believe or disbelieve the complaining witnesses in their entirety. There was no

rational basis for the jury to conclude for any individual charge that some of the allegations were true and others were not.

Second, the risk that the jury may not have been unanimous in their verdict fails for the same reason. More significantly, as a matter of law, the Supreme Court has held that the Constitution does not require that state jury verdicts be unanimous. *Apodaca v. Oregon*, 406 U.S. 404, 406 (1972); *Jones*, No. 10 CIV. 7915 (SAS), 2013 WL 3514436, at *10. Indeed, the Supreme Court has cited with apparent approval "state statutes making criminal such crimes as sexual abuse of a minor" even where such statutes allowed for juror disagreement as to specific incidents of criminal conduct provided the jury found "proof of a 'continuous course of conduct' in violation of the law." *Richardson v. United States*, 526 U.S. 813, 821 (1999). These statutes withstood scrutiny, in part, because of the "special difficulties of proving individual underlying criminal acts" and because the Constitution does not impose a jury unanimity requirement on state criminal courts. *Id.* Thus, even if Saintilus has shown a violation of New York law on this front, he has not demonstrated a violation of the federal Constitution, as required to obtain habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Nor did the alleged duplicity deny the petitioner adequate notice of the charges against him or prevent him from preparing an adequate defense. First, the combination of the indictment and the bill of particulars provided petitioner with ample notice of the nature and extent of the charges he faced. He has not alleged otherwise, either here or before the Appellate Division. Moreover, courts in this Circuit and elsewhere have found that allegations that crimes occurred at some point during a specific time window can satisfy due process, especially where the complainant is a minor and is uncertain as to the exact date of an incident. *See Rosas v. Artus*, No. 05 CIV. 8440 (RJS), 2013 WL 499610, at *13 (S.D.N.Y. Jan. 29, 2013) (six weeks); *see*

*also Fawcett v. Bablitch,* 962 F.2d 617, 618-19 (7th Cir. 1992) (six months); *Hunter v. New Mexico,* 916 F.2d 595, 600 (10th Cir. 1990) (three years).

The decision to frame the charges as covering time periods rather than separate incidents likewise did not prejudice the petitioner by providing an inadequate basis for sentencing. Nor does petitioner allege that it has. Indeed, by the calculations of petitioner's trial counsel, petitioner could have faced 1,277 offenses related to his oldest daughter alone. Trial Tr. 510, ECF No. 6-5 (Page ID #852) ("[A]ccording to the testimony of Marsha[,] my client Morales Saintilus had sexual intercourse with her 1,277 times, give or take."). Because a conviction under each count could lead to a separate sentence that could run consecutively with the others, Trial Tr. 3, ECF No. 6-2 (Page ID #212), the decision to charge the petitioner with only 50 counts reduced the potential jail time he faced even if the grand jury did not return an indictment charging all 1,277 incidents as separate counts. Any duplicity here would not have prejudiced the petitioner in terms of sentencing. *See Olmeda*, 461 F.3d at 281.

Finally, the petitioner does not face any risk of double jeopardy as a result of the allegedly duplicitous charges. Saintilus faces no possibility of being charged again for the same offenses for the simple reason that the statutes of limitation on those offenses have expired. *See* N.Y. C.P.L. § 30.10. All of the charges of which petitioner was convicted carried, at most, a five-year statute of limitations. *Id.* Because the last conduct with which Saintilus was charged occurred in January 2006—over eight years ago—the statute of limitations would bar any possible prosecution based on the allegations contained in those charges. Thus, there is no danger that the petitioner will again be put in jeopardy for the same offense.

The only charge not barred by the statute of limitations was the count that charged petitioner with the rape of Marsha Saintilus in the first degree, which requires sexual intercourse by forcible compulsion. N.Y. Penal Law § 130.35. The trial testimony revealed only one

instance in which the petitioner used force against Marsha Saintilus. Trial Tr. 141-42, ECF No. 6-3 (Page ID #483-84). Indeed, petitioner did not argue that this count was duplicitous in his brief to the Appellate Division.

## II. Ineffective Assistance of Counsel

Saintilus also claims that he received ineffective assistance of counsel because his trial lawyer did not object to the allegedly duplicitous charges. To prove ineffective assistance of counsel, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires that courts recognize counsel's "wide latitude" in making tactical decisions and imposes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id* at 689. "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (internal quotation omitted). The second prong requires that courts determine whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Because the Appellate Division ruled on the merits of petitioner's ineffective assistance of counsel claim, s*ee Saintilus*, 74 A.D.3d 996, AEDPA deference applies. 28 U.S.C. § 2254(d). The Supreme Court has held that "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citation omitted). Indeed, it warned:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there

> is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id*. The petitioner's claim here satisfies neither prong of the *Strickland* test and fails to overcome the additional deference due under § 2254(d).

First, trial counsel's failure to move to dismiss could be considered sound trial strategy. Allowing the petitioner to face only 50 counts rather than what very likely could have been significantly more counts, even if the prosecutor did not choose to charge every single instance as a separate count, limited the maximum penalties that Saintilus faced and so inured to his benefit. *Olmeda*, 461 F.3d at 281. It further avoided the prejudicial effect that such a large number of charges could have on the jury. *See id.* Moreover, petitioner cannot meet the second prong of *Strickland* because, as discussed above, he was not prejudiced by the failure to object to the allegedly duplicitous charges. In any event, there is no reason to find that the Appellate Division unreasonably rejected petitioner's ineffective assistance of counsel claim.

## CONCLUSION

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
October 20, 2014

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge